**IN THE UNITED STATES DISTRICT COURT**

**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **MIKE PRINCE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CIVIL NO. 05-223-JLF** |
| | ) | |
| **TODD SHEFFLER, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**FOREMAN, District Judge:**

Plaintiff, currently an inmate in the Dixon Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983.[1] This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.–** The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.–** On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A. An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action

[1] Plaintiff paid the full $250 filing fee when he initiated this action.

is legally frivolous and thus subject to summary dismissal.

Plaintiff states that in January 2004, while he was in the Big Muddy River Correctional Center, Defendants Sheffler and Tate performed a shake-down of his cell. Several items were confiscated, including several pieces of reading material that Plaintiff claims were religious materials approved for his possession. Apparently Sheffler disagreed and, based on the content of some of the material, he issued Plaintiff a disciplinary ticket for several charges, including security threat group ("STG") activity. Defendants Gooch and Frower approved the ticket, and Frower then took Plaintiff to segregation. At the hearing, Defendants Chapman and Adams found him guilty on four of the charges, including the STG activity. During the hearing, Defendant Kuder testified that the materials in question were on the list of STG materials; Plaintiff claims that Lt. Kuder failed to check his specific materials against the list. Chapman and Adams recommended punishment of one year across the board, to which Defendant Lambert concurred. Plaintiff then filed a grievance, which Defendant Cravens recommended be denied; Defendant Walker concurred.

The instant case is a challenge to disciplinary proceedings that resulted in the loss of good time credit as well as time in disciplinary segregation and other sanctions.

> When a state official violates the Constitution in his treatment of a state prisoner, his illegal conduct can, at least in theory, give rise to claims for monetary or declaratory relief under § 1983 and to claims for habeas corpus relief under § 2254. Although these statutes provide distinct avenues for relief, claims brought under § 1983 are not always independent of claims that have been brought or could be brought under § 2254. Proving official misconduct for the purposes of § 1983 can often – but not always – involve the same factual issues that would be relevant in a potential claim under § 2254. This intersection between claims under §§ 1983 and 2254 can sometimes implicate the fundamental principles controlling federal jurisdiction generally, and habeas corpus jurisdiction in particular. According to these principles, the federal courts will not hear a state prisoner's § 2254 claims against a state official until the courts of that state have had the opportunity to identify and remedy any official misconduct. These principles of deference and reticence that guide the federal courts similarly prevent the district courts from considering any issues that

> *could be cognizable* in a § 2254 claim until the state prisoner has exhausted his state court remedies. If claims under statutes besides § 2254 could be used as instruments to decide issues that would be cognizable in a potential § 2254 action, the pursuit of such claims could promote the evasion of the exhaustion requirement for § 2254. Consequently, a prisoner cannot bring a § 1983 claim that involves issues cognizable in habeas corpus until he complies with the procedural prerequisites for relief under § 2254. A decision on a § 1983 claim brought in this posture would create situations in which a federal court would make an initial, and perhaps a preclusive, ruling on an issue that should first be addressed by state courts.
>
> But this limitation applies only if the preclusive effect of a § 1983 judgment is certain. If resolution of the issue in federal court would not *necessarily* undermine the state court's ability to make an independent determination of issues cognizable in habeas corpus, then that issue is cognizable under § 1983, regardless of whether a state court has ruled on that issue.

*Clayton-EL v. Fisher*, 96 F.3d 236, 242 (7th Cir. 1996), *citing Heck v. Humphrey*, 512 U.S. 477, 487 n. 7 (1994); *Simpson v. Rowan*, 73 F.3d 134, 136 (7th Cir. 1995), *cert. denied*, 519 U.S. 833 (1996); *Viens v. Daniels,* 871 F.2d 1328, 1333-34 (7th Cir. 1989).

> This determination [of which claims are cognizable strictly under § 1983 and which raise issues cognizable in habeas corpus] depends upon identifying the injuries involved in each of [plaintiff's] claims. As the Supreme Court has recently indicated, the injury alleged in a claim – and not the relief sought in the claim – determines whether a claim implicates issues cognizable in habeas corpus. . . . If the proof of any of those injuries involves the proof of a fact that would also be essential to a habeas corpus action, then the claim that depends upon proof of that injury implicates habeas corpus.

*Clayton-EL*, 96 F.3d at 242 (citations omitted). *See generally Wilkinson v. Dotson*, – U.S. —, 125 S.Ct. 1242, 1246-48 (2005).

In the instant case Plaintiff is challenging the validity of the charges. He claims that the materials in question were approved religious materials, not evidence of gang activity, and that confiscating those materials and punishing him for their possession is a violation of his rights under the First Amendment. Proof of such a claim could invalidate the disciplinary proceeding, which in turn would invalidate Plaintiff's punishment of the revocation of one year of good time credit. The

proper method for challenging the revocation of good time credit is habeas corpus, but only after Plaintiff has exhausted his remedies through the Illinois state courts. *See, e.g., Heck*, 512 U.S. at 480-81. The Illinois courts have recognized mandamus as an appropriate remedy to compel prison officials to award sentence credit to a prisoner. *Taylor v. Franzen*, 93 Ill.App.3d 758, 417 N.E.2d 242, 247, *aff'd on reh'g*, 420 N.E.2d 1203 (Ill.App. 1981). *See also United States ex rel. Isaac v. Franzen*, 531 F. Supp. 1086, 1091-94 (N.D. Ill. 1982). The State of Illinois must first be afforded an opportunity, in a mandamus action pursuant to 735 ILCS 5/14-101 *et seq*. to consider the merits of Plaintiff's claim. Plaintiff must exhaust his state court remedies before bringing his claims to federal court.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** without prejudice to bringing his claims in habeas corpus, but only after he has fully exhausted his state court remedies. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**
**DATED: August 3, 2005.**

***s/ James L. Foreman***
**DISTRICT JUDGE**